# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-795V
### Filed: October 22, 2012

* * * * * * * * * * * * * * * * * * * * * * * * * *

NIKKI L. RIGLEY,       *

                  *

       Petitioner,     *     Stipulation; Idiopathic

                  *     Thrombocytopenic Purpura;

      v.              *     Entitlement; Attorney Fees and Costs

                  *

SECRETARY OF HEALTH     *

AND HUMAN SERVICES,     *

                  *

       Respondent.     *

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

       Nikki L. Rigley ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on November 17, 2010. Petitioner alleges that she developed idiopathic thrombocytopenic purpura ("ITP") as a result of the human papillomavirus ["HPV"] immunizations she received on January 2, 2009, and March 11, 2009, and she further alleges that she experienced residual effects of this injury for more than six months. *See* Stipulation, filed October 19, 2012, at ¶¶ 2, 4. Respondent denies that the HPV vaccines, alone or in combination with one another, caused petitioner's ITP. Stipulation at ¶ 6.

       Nevertheless, the parties have agreed to settle this case. On October 19, 2012, the parties filed a joint stipulation agreeing to settle this case and describing the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1

settlement terms.  Respondent agrees to pay petitioner a lump sum of $75,000.00. **Accordingly, I hereby award the total of $75,000.00[3] in the form of a check payable to petitioner, Nikki L. Rigley, and on the terms set forth in the attached stipulation.**

Additionally, the October 19, 2012 joint stipulation addressed attorneys' fees and costs.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total of $19,500.00[4] in the form of a check payable jointly to petitioner, Nikki L. Rigley, and petitioner's counsel of record, F. John Caldwell, Esq., for petitioner's attorneys' fees and costs.**

In compliance with General Order #9, petitioner states that she incurred no out-of-pocket litigation expenses in proceeding on her petition.  Stipulation at ¶ 8.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NIKKI L. RIGLEY, | |
| Petitioner, | |
| v. | No. 10-795V |
| | Special Master Denise K. Vowell |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent | |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Nikki L. Rigley ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received HPV vaccines on or about January 2, 2009, and March 11, 2009.[1]

3. The vaccines were administered within the United States.

4. Petitioner alleges that the HPV vaccines, either singly or in combination with one another, caused her to develop idiopathic thrombocytopenic purpura (ITP) and that she experienced residual effects of this injury for more than six months.

---

[1] Petitioner alleges that she received HPV vaccinations on January 1, 2009, and March 11, 2009. Petition at 1. However, the record reflects January 2, 2009, and March 11, 2009, as the dates of vaccine administration. Petitioner's Exhibit 1 at 10, 14. This stipulation refers to the HPV vaccines alleged by petitioner to have caused her condition, regardless of whether the first vaccination was administered on or about either January 1 or 2, 2009.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the HPV vaccines, either singly or in combination with one another, are the cause of petitioner's alleged ITP and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.   A lump sum of **$75,000.00** in the form of a check payable to petitioner. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.   A lump sum of **$19,500.00** in the form of a check payable jointly to petitioner and petitioner's attorney, F. John Caldwell, Esq., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner confirms that she incurred no out-of-pocket litigation expenses in proceeding on the petition.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the HPV vaccinations administered on or about January 2, 2009, and/or March 11, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about November 17, 2010, in the United States Court of Federal Claims as petition No. 10-795V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccines, either singly or in combination, caused petitioner's alleged ITP, and/or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

NIKKI L. RIGLEY

ATTORNEY OF RECORD FOR
PETITIONER:

F. JOHN CALDWELL
MAGLIO CHRISTOPHER & TOALE
1605 Main St, Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

GEOFFREY EVANS, M.D.
Director, Division of
Vaccine Injury Compensation
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

DATED: October 19, 2012

5